FILED
2007 Jul-27 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ELIAS AGUIRRE, JR., ] | |
| ] | |
| Movant, ] | |
| ] | |
| vs. ] | CV-04-SLB-RRA-8033-M |
| ] | CR-01-SLB-RRA-0249-M |
| ] | |
| ] | |
| THE UNITED STATES OF AMERICA, ] | |
| ] | |
| Respondent. ] | |

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation, recommending that this § 2255 motion to vacate be denied, because it is barred by the statute of limitations. The movant has filed objections to the report and recommendation.[1] In his objections, Aguirre claims for the first time that the statute of limitations should be equitably tolled because:

> [he] was kept in the county jail for more than one year away from any available legal material, the petitioner is also a none [sic] English speeking [sic] that had no one to assist him in the county jail with gaining access to any material while in the county jail, the government is reponsable [sic] for the petitioner's motion being out of time along with not being able to gain access to legal material or any one to assist the petitioner in filing a petition.

In response to the movant's objections, the respondent has filed a supplemental response, arguing that Aguirre has no basis to make such claims. The respondent states that Aguirre's claim that he was "kept in the county jail for more than one year away from any available legal material"

---

[1] In addition to objecting to the magistrate judge's report and recommendation, Aguirre requests that he be allowed to amend his § 2255 motion to vacate. Aguirre's motion to amend is DENIED.

is simply untrue. The respondent has submitted as an exhibit, a copy of the Individual Custody and Detention Report provided by the United States Marshal Service for the Northern District of Alabama, which shows the status of the movant's detention since he has been in federal custody. The respondent describes the content of that report:

> It shows that on July 18, 2001, Aguirre was writted into Federal custody from the Etowah County Jail and housed in the Jefferson County Jail and Walker County Jail until February 1, 2002, when he was returned to Etowah County. FN1.
>
>> FN1. Aguirre pleaded guilty in Federal Court on August 23, 2001, was sentenced on January 16, 2002, and his Judgment was entered on January 23, 2002.
>
> After Etowah County dismissed its charges on February 4, 2002, the U. S. Marshal Service gained full custody of Aguirre. On March 6, 2002, Aguirre was designated to go to FMC Forth Worth, and on February 13, 2002, he was transported to USP Atlanta where he stayed until being transported to FMC Forth Worth.

*Government's Supplemental Response to § 2255 Motion*, at 2-3. The respondent adds that "[a]ccording to a recent telephone conversation the undersigned attorney had with a representative at FMC Forth Worth, Aguirre left Atlanta on March 22, 2002, and arrived at FMC Fort Worth on March 29, 2002, where he has remained ever since."

The respondent maintains that "[i]n no way did the Government interfere with Aguirre or create an extraordinary circumstance which prevented Aguirre from filing this motion in a timely manner." *Id*. at 3. The respondent adds that Aguirre's alleged lack of command of the English language does not amount to an extraordinary circumstance justifying equitable tolling, and points out that Aguirre has not alleged that his lack of proficiency in the English language prevented him from filing his motion to vacate while he was incarcerated at FMC Ft. Worth.

2

The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
>
> In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g., United States. v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005)(difficulties with English language did not amount to "'extraordinary circumstances' as to justify equitable tolling of one-year filing requirement"); *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers)*; Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340

F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (inability to read and speak English is not in itself a sufficient basis for equitably tolling a failure to meet § 2244(d)(1) requirements); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Bowie v. Gibson*, 198 F.3d 257, 1999 WL 820269 (10th Cir. 1999)(table)(tolling inappropriate where petitioner argued that limitations period should be tolled because county jail lacked a law library, thereby preventing him access to legal materials and the courts); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling).

     The court concludes that the movant has not shown such "extraordinary circumstances" as to justify equitable tolling of the one-year filing requirement in § 2255. The movant's inability to speak English, in itself, does not amount to the type of "extraordinary circumstance" necessary to justify equitable tolling of the one-year limitations period. *United States v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005). Moreover, the documentation submitted by the respondent establishes that the petitioner's unsworn statement that he was in the county jail for more than one year is simply untrue. Therefore, the movant cannot blame his failure to file a timely § 2255 motion on his claim that his incarceration for more than a year in the county jail prevented him from accessing any legal material or seeking legal assistance due to his language issues.

Furthermore, the movant's attempt to blame the government for his delay in filing his § 2255 motion is equally unavailing. The movant has offered nothing in the way of facts to support his unsworn statement that the government is responsible for his "motion being out of time along with not being able to gain access to legal material or any one to assist the petition in filing a petition."[2] There is nothing in the record to indicate that the government created any extraordinary circumstance that would entitle Aguirre to equitable tolling of the limitations period.

Clearly, Aguirre's arguments that the limitations period should be equitably tolled because he was in the county jail for more than a year, he does not speak English, and his conclusory allegation that the government is responsible for his motion to vacate being untimely, are insufficient to justify equitable tolling of the limitations period in this case.

The court has considered the entire file in this action, together with the report and recommendation and the objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. The motion to vacate is due to be **DENIED**. An appropriate order will be entered.

**DONE**, this 27th day of July, 2007.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Additionally, the government denies interfering with Aguirre's ability to file a § 2255 motion.